

JAN 2 9 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY D. ALEXANDER
(Name of Plaintiff)

P. O. Box 4670
(Address of Plaintiff)
Lancaster, CA 93539

2:18-CV-0195 KJN
(Case Number)

vs.

COMPLAINT

B. STROHMAIER

W. REAUME

D. GARLAND
(Names of Defendants)

I. Previous Lawsuits:

A. Have you brought any other lawsuits while a prisoner: ☐ Yes ☑ No

B. If your answer to A is yes, how many?: ______ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff ______________________________

Defendants ______________________________

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 Rev'd 5/99

3

2. Court (if Federal Court, give name of District; if State Court, give name of County)

___

3. Docket Number ___

4. Name of judge to whom case was assigned ___

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

___

6. Approximate date of filing lawsuit ___

7. Approximate date of disposition ___

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution? ☑ Yes ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint? ☑ Yes ☐ No

If your answer is no, explain why not ___

C. Is the grievance process completed? ☑ Yes ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant B. STROHMAIER is employed as Correctional Sergeant at CSP - Sacramento

B. Additional defendants W. REAUME, is employed as Correctional Lieutenant at CSP-Sacramento, D. Garland is employed as Correctional Office at CSP - Sacramento.

# CLAIM I

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1). On May 15, 2017, at approximately 1254 hours, the Plaintiff was being escorted back to his assigned housing after a Physical Altercation. CSP - Sac (California State Prison - Sacramento) Correctional Officer (C/O) Garland was responsible with returning the Plaintiff to his cell safely. C/O Garland had a history of harassing young African Americans, as C/O Garland was an associate of the "Green Wall" a gang for correction officers. The Plaintiff was (Continued p. 5A)

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

20). The Plaintiff seek compensatory and punitive damages.

21). The Plaintiff request Injunctive and Declatory relief.

Signed this 16 day of January, 20 18.

Larry Alexander
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

1/16/18
(Date)

Larry Alexander
(Signature of Plaintiff)

aware of c/o Garland hostility and prejudice towards him, so the Plaintiff was in compliance with the protocal that regulate escort's. The Plaintiff had his shirt tucked in, hands in view and the Plaintiff made sure he was in view of the video camara. When the Plaintiff and c/o Garland entered the unit retunda (hallway), at which time c/o Garland told the Plaintiff to remove his baseball cap, before the Plaintiff could respond, c/o Garland placed his hand on the Plaintiff left shoulder in an aggressive manner, all the while yelling "What did you say?" The Plaintiff was baffled and dazed by the impact of c/o Garland grabbing motion.

2). c/o Garland used both his hands to force the Plaintiff against the wall then c/o Garland suddenly began to punch the Plaintiff to unconsciousness, wherein, he completely blacked out from c/o Garland assult, via excessive use of force.

3). On May 15, 2017, at approximately 1256 hours, CSP-SAC- Sergeant (Sgt.) B. Strohmaier received a signed document from Officer D. Garland, Exhibit A. c/o D. Garland wrote in a Rules Violation Report (RVR) that the Plaintiff took a bladed stance, which prompted him to use force, Exhibit A. The force applied by D. Garland was excessive; and how could c/o D. Garland write a RVR in one minute, if he was to injured to log

Court Paper Printed on

into SOMS? The incident happened at approxiately 1255 hours, and c/o D. Garland allegedly wrote his (RVR) in one minute... This evincy the fact that c/o D. Garland falsifyed documents.

4). On May 15, 2015, at 1300 hours, the Plaintiff was the subject of a CDOR 7219 inventory for MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE, Exhibit B. The nurse that the Plaintiff had sustained injuries, most notably the Plaintiff had dried blood in his mouth swollen on his right cheek and abbraise to his ear, Exhibit B. When asked for the cause of his injuries, the Plaintiff was in fear of his life but he said "They were picking on me.", Exhibit A. The injuries the Plaintiff received don't equate c/o Garland allegation of resistence, moreover, c/o Garland didn't activate his alarm or use his O.C. SPRAY, Exhibit A., to defuse the allege' threat posed by the Plaintiff. (Also see: Exhibit C, p. 1., where is cit FORCED USED, it reads PHYSICAL.)

5). On June 22, 2017, the Plaintiff appeared before Senior Hearing Officer (SHO) W. Reaume for a RVR hearing, Exhibit D, p. 9. The Plaintiff entered a plea of Not Guilty and made a statement, Exhibit D, p. 6., among the statement made by the Plaintiff, he requested witnesses, Exhibit D, p. 6. The Plaintiff was baffled by witness BARNETT change of his statement and informed SHO W. Reaume that inmate BARNETT had signed an affidavit, Exhibit E. The

Court Paper Printed on

plaintiff requested evidence in the form of the video tape but was denied the right to present evidence in the form of the video tape, Exhibit D, p. 6. Despite the Plaintiff request for witnesses and right to present documentary and physical evidence (video), SHO. W. Reaume found the Plaintiff guilty. SHO W. Reaume relied on C/O Garland statement in the report to support his finding of guilt; Exhibit D, p. 6. The SHO W. Reaume assessed the Plaintiff 30 days loss of yard privileges; SHO W. Reaume couldn't assess the Plaintiff loss of Yard, due to the fact the Mental Health Assessment Report recommended that the SHO W. Reaume not assess the Plaintiff the penalty of yard, Exhibit D, p. 6.

6). On August 9, 2017, the Plaintiff filed a CDCR 602, grieving he attended a RVR hearing for resisting a Police Officer; Alleging that all the evidence was not presented to the SHO, And that a 602 he filed against C/O Garland was Partially Granted, Exhibit F, p. 1-2.

7). In an attempt to retard and discourage the Plaintiff from filing a 602, CSP - Los Angeles Appeals Coordinator rejected the Plaintiff 602, and redirected it to CSP - SAC, Exhibit G.

8). On September 9, 2017, the Plaintiff received a response to his 602 from CSP - SAC - Warden David Baughman; Warden David Baughman "PARTIALLY GRANTED" the 6

Court Paper

Printed on

stating " Lieutenant W. Reaume conducted the hearing on June 22, 2017, beyond the 30-day period, and not in accordance with departmental policy which is ~~in~~ a violation of the appellant's due process rights." Exhibit H, p. 1-2.

9). On November 6, 2017, the Plaintiff submitted his 602 to the Third Level of Review, Exhibit F, p. 1-2. This officially exhausted the Plaintiff administrative remedies.
~~10). On December 27, 2017, the Chief of Appeals M. Voong responded to the Plaintiff 602, Exhibit I.~~

10). The named defendants violated the Plaintiff federal and consititutional due process. while acting in their individual and official capacity under the color of state law. The named Defendants caused the Plaintiff atypical and significant hardship contrary to the ordinary incidents of prison life.

11). On May 15, 2017, CSP-Sac-Sgt. B. Strohmaier allegedly received a signed document from c/o Garland at 1256 hours. Thus, sgt. B. Strohmaier acted in his individual and official capacity under the color of state law when he chose to violate the Plaintiff federal and constitutional rights. Defendant B. Strohmaier Knowingly falsified documents when he said he received a signed document (RVR) from c/o Garland approximately one minute after the incident. This is impossible since c/o Garland claimed to be injured and incapable of

Court Paper Printed on

loging into SOMS to file a report. Defendant B. Strohmaier acted with a copable state of mind to penalize the Plaintiff and to help C/o Garland cover up his assuit on the Plaintiff. Defendant B. Strohmaier deprived the Plaintiff of due process in violation of his Fourteenth Amendment rights.

12). On May 15, 2017, CSP-SAC - C/o D. Garland allegedly sustained an injury from the Plaintiff which prevented him from loging into SOMS to file a RVR. However, C/o D. Garland draftted a report in (one) minute and gave it to Defendant B. Strohmaier. C/o D. Garland acted in his individual and official capacity under the color of state law when he chose to violate the Plaintiff federal and consitutional rights. Defendant D. Garland knowingly falsified a report to cover up his malicious and sadistic assult of the Plaintiff. Defendant D. Garland falsified documents when he alleged that he was assuited by the Plaintiff when independant evidence evince the fact that he used Excessive force. Defendant D. Garland acted with a culpable state of mind to camouflage his callous behavior. Defendant D. Garland deprived the Plaintiff of due process in violation of his Fourteenth Amendment rights

13). On June 22, 2017, the Plaintiff appeared before SHO W. Reaume for a RVR hearing. SHO W. Reaume acted in his individual and official capacity under the color of state law when he chose to violate

Court Paper

Printed on

the plaintiff federal and constitutional rights. Defendant W. Reaume knowingly and willfully denied the plaintiff due process when he prohibited the plaintiff from introducing documentary evidence (Affidavit) and physical evidence (Video) during the RVR hearing. Defendant W. Reaume was impartial and bias and acting in conjunction with Defendant(s) B. Strohamier and D. Garland to conceal the assult inflicted on the plaintiff by D. Garland. Defendant W. Reaume deprived the plaintiff of procedural due process in violation of his Fourteenth Amendment rights.

## CLAIM II

14). On June 2, 2017, a Mental Health Assessment was performed on the plaintiff, and a licensed clinician concluded that "IP gains a great deal of psychological stability from access to approved peer contact (such as yard and group) when appropriate. Without the ability to socialize, he could decompensate.", Exhibit D, p. 3. However, SHO W. Reaume assessed the plaintiff 30 days loss of yard privileges, Exhibit D, p. 7.

15). The identified Defendant violated the plaintiff Eighth Amendment right to be free from cruel and unusual punishment exposing the plaintiff to the excessive risk of harm with deliberate indifference. The identified

Court Paper Printed on

Defendant(s) interferred/denied the Plaintiff serious mental health treatment, and allowed the Plaintiff to decompensate via depression.

16). On June 22, 2017, SHO W. Reaume had the MH Assessment report regarding the RVR. Defendant W. Reaume acted in his individual and official capacity when he violated the Plaintiff federal and Constitutional right to be free from cruel and unusual punishment. Defendant W. Reaume acted with deliberate indifference when he maliciously and vindictively disregarded the MH-Assessment report that recommended the SHO not to assess the Plaintiff loss of yard privileges due to his working mental illness, instead of adhering to said recommendation. -- Defendant W. Reaume sought to deny/interfer with the Plaintiff course of treatment. Defendant W. Reaume knowingly and callously acted with deliberate indifference in violation of the Plaintiff Eighth Amendment rights.



# CLAIM III

17). The Plaintiff alleges and realleges the claims made in claim(s) 1 - 3.

18). The specified Defendants violated the Plaintiff Eighth Amendment constitutional rights when said person applied Excessive force. The identified Defendant actions where malicious and sadistic and without the goal to advance penological interest.

19). On May 15, 2015 at approxiately 1255 hours, c/o D. Garland used physical force which resulted in the Plaintiff receiving abrations in his mouth, a swollen cheek and lascerations to his ear. Defendant D. Garland acted in his individual and official capacity under the color of state law when he violated the Plaintiff Eighth Amendment right to be free from cruel and unusual punishment. Defendant D. Garland maliciously and sadistically assulted the plaintiff ~~to~~ with evil intent to hurt the Plaintiff. The degree of force applied by Defendant D. Garland was excessive as demonstrated by the injuries the Plaintiff received from Defendant D. Garland physical attack. Defendant G. Garland didn't request

assistance by sounding his alarm or deploy his O.C. spray. Defendant D. Garland maliciously and sadistically violated the Plaintiff Eighth Amendment right with the intent to hurt the Plaintiff.

Court Paper Printed on

## PROOF OF SERVICE BY MAIL

(CCP §§1013(a), 2015.5; 28 U.S.C. §1746)

I, LARRY D. ALEXANDER, hereby declare that I am over the age of 18, I am the petitioner in the above-entitled cause of action, and my legal mailing address CSP/LAC – D4-120, P.O. BOX 4670, Lancaster, CA 93539-8457.

On January 16, 2018, I delegated to prison officials the task of mailing, via the institution's internal mail system (*Houston v. Lack*, 487 US 266 [101 L.Ed.2d 245; 108 S.Ct. 2379] (1988)), the below entitled legal document(s):

CIVIL COMPLAINT

by placing said documents in a properly addressed and sealed envelope, with postage fully pre-paid, in the United States Mail, deposited in the manner provided by CSP/LAC, and addressed as follows:

United States District Court for the
Eastern District
501 "I" Street, Suite 4-200
Sacramento, CA 95814

I further declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 16 day of January 2018 at California State Prison – Los Angeles County.

Larry Alexander

## TABLE OF EXHIBITS

"RULES VIOLATION REPORT", Exhibit A.

"CDCR 7219", Exhibit B.

"CDCR 837-A", Exhibit C.

"DISCIPLINARY HEARING RESULTS", Exhibit D.

"Affidavit", Exhibit E.

"CDCR 602", Exhibit F.

"CDC FORM 695", Exhibit G.

"APPEAL DECISION", Exhibit H.

Court Paper
Printed on

# EXHIBIT COVER PAGE

Number of pages to this Exhibit: ________ pages.

Description of this Exhibit:

EXHIBIT

A
EXHIBIT



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | MEPD | FACILITY | HOUSING LOCATION |
|---|---|---|---|---|
| K61435 | ALEXANDER, LARRY D. | 05/13/2026 | SAC-Facility A | SAC-A - A 007 2 - 013001L |

| VIOLATION DATE | VIOLATION TIME | VIOLATION LOCATION | WITH STG NEXUS |
|---|---|---|---|
| 05/15/2017 | 12:56:00 | SAC-Facility A - RVR - ASSIGNMENT AREA | No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On May 15th, 2017, at approximately 1256 hours, I received a signed document from Officer D. Garland. At this time Garland is personally unable to enter information into SOMS. Officer Garland's signed document stated, "On Monday May 15, 2017 at approximately 1255, while working as Facility A, HCA A Escort 4 EOP, while escorting Inmate ALEXANDER (K61435, A7-213), back to Facility A 7 block, ALEXANDER was walking down the hallway out of the treatment center and stated, "You don't have to grab me." I responded "What did you say?" at which time ALEXANDER immediately stopped and turned towards me taking a bladed stance stating, "Don't fucking grab me." At which time not knowing ALEXANDER's intentions and to overcome the imminent threat, I put both hand up into ALEXANDER's left shoulder area, pushing him into the wall. ALEXANDER struggled against the wall trying to push back towards me. I maintained my grip on ALEXANDER's shoulder area with my right hand, stepping to my right and placing my left hand onto ALEXANDER's upper back area, I overcame his resistance by pulling him down to the ground causing ALEXANDER to land face first onto the ground into a prone position. At which time ALEXANDER stopped resisting and I placed his hands behind his back maintaining control of both hands with both of my hands. Officer R. Munoz responded and placed handcuffs onto ALEXANDER's wrists. I stepped away from the incident concluding my involvement.

| REPORTING EMPLOYEE | TITLE | ASSIGNMENT | RDO | DATE: |
|---|---|---|---|---|
| B. Strohmaier | sgt | A Facility Sergeant | Th/F | 05/17/2017 |

RVR LOG NUMBER: 000000002770936 VIOLATED RULE NUMBER: 3005(d)(1)

SPECIFIC ACT: Willfully resisting a Peace Officer in the performance of duty

CLASSIFICATION

| LEVEL: Serious | OFFENSE DIVISION: Division D |
|---|---|
| REFERRED TO: Senior Hearing Officer | FELONY PROSECUTION LIKELY: No |

EXHIBIT B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | DATE |
|---|---|---|---|
| Csp-Sac | A-fac | INJURY (circled) / USE OF FORCE / UNUSUAL OCCURRENCE / ON THE JOB INJURY / PRE AD/SEG ADMISSION | 5/15/17 |

| | NAME (LAST, FIRST) | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | Alexander, Larry | K61435 | A7 213 | |

| | NAME (LAST, FIRST) | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | |

| | NAME (LAST, FIRST, MIDDLE) | DOB | OCCUPATION |
|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | |
| | HOME ADDRESS / CITY / STATE / ZIP | | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| A-yard. | 5/15/17 @ 1253 | unknown: custodies. |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1256 | 1300 | C/o Chavez | LITTER / WHEELCHAIR / AMBULATORY / ON SITE | 44 | Blk. | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"They were picking on me."

| INJURIES FOUND? YES (circled) / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 (circled) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 (circled) |
| Other | 17 |
| | 18 |
| | 19 |

O.C. SPRAY EXPOSURE? YES / NO (circled)

DECONTAMINATED? YES / NO

Self-decontamination instructions given? YES / NO

Refused decontamination? YES / NO

Q 15 min. checks

Staff issued exposure packet? YES / NO

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| G cho | Bodenhamer @ 1330 |

TIME/DISPOSITION: ATTA @ 1320.

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| G cho RN | [redacted] | Thy Fri |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05) DISTRIBUTION: ORIGINAL - Custody CANARY - Inmate/Employee PINK - Health and Safety / RTW Coordinator (only work related injury)

# EXHIBIT COVER PAGE

Number of pages to this Exhibit: ________ pages

Description of this Exhibit:

EXHIBIT C

EXHIBIT

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET

CDCR 837-A (Rev. 10/15)

| PAGE 1 Of 5 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| | SAC-FAA-17-05-0371A1 | 05/15/2017 | 12:55 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | PROGRAM | AD SEG | USE OF FORCE |
|---|---|---|---|---|---|---|---|
| SAC | FAA - LEVEL IV 180 DESIGN | LEVEL IV | A FACILITY | EOP TREATMENT CENTER | EOP | N/A | ☑ Yes ☐ No |

SPECIFIC CRIME / INCIDENT: Force or Violence - Resisting Peace Officer In Performance of Duties, Resulting in Use of Force - (Physical)

☑ CCR ☐ PC ☐ N/A NUMBER / SUBSECTION: 3005-d1 Force or Violence

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID | PIO / AA NOTIFIED |
|---|---|---|---|
| ☐ Yes ☑ No | ☐ Yes ☑ No | ☐ Yes ☑ No | ☑ Yes ☐ No |

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |

| SERIOUS BODILY INJURY | INMATE WEAPONS | FORCE USED |
|---|---|---|
| ☑ N/A | ☑ N/A | ☐ N/A<br>1. PHYSICAL FORCE<br>Other Description: PHYSICAL |

| ESCAPES |
|---|
| ☑ N/A |

| CONTROLLED SUBSTANCE / WEIGHT/ In Grams | EXTRACTION | EXCEPTIONAL ACTIVITY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)

On Monday, May 16, 2017, at approximately 1255 hours, inmate ALEXANDER (K-61435, FA7-213L), was found to be in violation of the California Code of Regulations, Title 15, section 3005 (d)(1), for the specific act of Resisting a Peace Officer Resulting in the Use of Force (PHYSICAL).

COMPLETE SYNOPSIS / SUMMARY ON CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| [redacted] ANDERSON | CORRECTIONAL LIEUTENANT | [redacted] | [redacted] |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. INCIDENT SITE | DATE |
|---|---|---|
| [signature] Lt. | [redacted] | 5/15/2017 |

| NAME OF WARDEN / AOD (PRINT / SIGN) | TITLE | DATE |
|---|---|---|
| [redacted] BAUGHMAN [signature] | WARDEN | 5/31/17 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT
CDCR 837-A1 (Rev. 10/15)

| PAGE 2 Of 5 | INCIDENT LOG NUMBER SAC-FAA-17-05-0371A1 |
|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| SAC | FAA - LEVEL IV 180 DESIGN | 05/15/2017 | 12:55 |

TYPE OF INFORMATION:

[ ] SYNOPSIS OF INCIDENT [ ] SUPPLEMENTAL INFORMATION [✓] AMENDED INFORMATION [ ] CLOSURE REPORT

On Monday, May 16, 2017, at approximately 1255 hours, inmate ALEXANDER (K-61435, FA7-213L), was found to be in violation of the California Code of Regulations, Title 15, section 3005 (d)(1), for the specific act of Resisting a Peace Officer Resulting in the Use of Force (PHYSICAL).

On Monday, May 16, 2017, at approximately 1255 hours, Officer D. Garland was escorting inmate ALEXANDER (K-61435, A7-213) out of the A Facility Enhanced Out Patient (EOP) Treatment Center hallway, when ALEXANDER stated to Officer Garland, "You don't have to grab me". Officer Garland stated to ALEXANDER, "What did you say?" ALEXANDER immediately stopped, turned towards Officer Garland and took a bladed stance while stating, "Don't fucking grab me". Officer Garland, not knowing ALEXANDER's intentions, used immediate force to overcome resistance. Officer Garland placed both of his hands onto ALEXANDER's shoulder area, pushing ALEXANDER into the wall. ALEXANDER struggled against the wall, trying to push back towards Officer Garland. Officer Garland maintained his grip on ALEXANDER's shoulder area with his right hand. Officer Garland stepped to his right and placed his left hand onto ALEXANDER's upper back area. Officer Garland overcame ALEXANDER's resistance by pulling ALEXANDER down to the ground causing ALEXANDER to land face first onto the ground in a prone position. Once on the ground, ALEXANDER stopped resisting. Officer Garland placed ALEXANDER's hands behind his back. Responding Officer R. Munoz activated his Personal Alarm Device and placed handcuffs onto ALEXANDER's wrists. Responding Officer C. Chavez assisted ALEXANDER to his feet and escorted ALEXANDER the A Facility Pedestrian Sally Port. Officer Chavez conducted a visual search of holding cell #1 for contraband with negative results and secured ALEXANDER into holding cell #1. Officer Chavez then escorted ALEXANDER into the A Facility Treatment and Triage Area (A-TTA) for a Report of Injury or Unusual Occurrence (CDCR 7219).

Officer C. Chavez escorted ALEXANDER A Facility TTA for a Medical Report of Injury or Unusual Occurrence (CDCR 7219). Registered Nurse (RN) G. Cho completed a CDCR 7219 on ALEXANDER noting a swollen area to ALEXANDER's right cheek, left ear and dried blood on ALEXANDER's mouth area.

Officer D. Garland reported to the A Facility TTA and received a CDCR 7219 by RN T. Whaley noting a reddened area on Officer Garland's right knee.

Officer H. Ng conducted a video interview of inmate ALEXANDER and downloaded the video onto a Digital Video Device (DVD). Officer Ng processed one DVD disc into the A Facility evidence locker #2 in A Facility.

An audible alarm was sounded.

Officer Garland sustained an injury (reddened area) to his right knee.

Physical Force was used.

All appropriate administrative staff, including the Sacramento County District Attorney's Office, will be notified of this incident with the submission of this report.

A Rules Violation Report (RVR) will be generated charging inmate ALEXANDER with violation of CCR 3005(d)(1) for, Resisting a Peace Officer Resulting in Use of Force (Physical).
The Current Amendment Record Number is SAC-FAA-17-05-0371A1 Created on 05/22/2017'

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| [redacted] ANDERSON | CORRECTIONAL LIEUTENANT | [redacted] | [redacted] |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE [redacted] | DATE 5/15/2017 |
| NAME OF WARDEN / AOD (PRINT / SIGN) [redacted] BAUGHMAN | | TITLE WARDEN | DATE 5/31/17 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART B1 - INMATE

CDCR 837-B1 (Rev. 10/15)

PAGE 3 Of 5

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SAC | FAA - LEVEL IV 180 DESIGN | SAC-FAA-17-05-0371A1 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | CDCR # | GEN | ETHNICITY | DOB |
|---|---|---|---|---|---|---|
| ALEXANDER | LARRY | NMI | K-61435 | M | BLA | 09/13/1972 |

| SECURITY LEVEL | CLASSIFICATION SCORE | CONTROL DATE TYPE | CONTROL DATE | DATE REC'D BY CDCR | DATE REC'D BY INST |
|---|---|---|---|---|---|
| IV | 248 | MEPD | | 05/23/2002 | 11/07/2011 |

| HOUSING | PARTICIPANT TYPE | MHSDS LEVEL OF CARE |
|---|---|---|
| FA7-213L | SUSPECT | EOP |

☐ N/A **DESCRIPTION OF INJURIES:**

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

SWOLLEN AREA TO RIGHT CHEEK. SWOLLEN AREA TO LEFT EAR. DRIED BLOOD ON MOUTH. PER CDCR 7219

1 INJURY LOCATION: HEAD, CAUSED BY: STAFF, TYPE OF FORCE CAUSED INJURY: PHYSICAL FORCE

| ☐ N/A **NAME/ LOCATION OF HOSP/ TREATMENT FACILITY** | ☑ N/A **DEATH** | |
|---|---|---|
| ☐ REFUSED TREATMENT ☑ TREATED AND RELEASED ☐ HOSPITALIZED | CAUSE OF DEATH | DECEASED DATE |
| A FACILITY TREATMENT AND TRIAGE AREA | | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART B1 - INMATE

CDCR 837-B1 (Rev. 10/15)

PAGE 3 Of 5

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SAC | FAA - LEVEL IV 180 DESIGN | SAC-FAA-17-05-0371A1 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | CDCR # | GEN | ETHNICITY | DOB |
|---|---|---|---|---|---|---|
| ALEXANDER | LARRY | NMI | K-61435 | M | BLA | 09/13/1972 |

| SECURITY LEVEL | CLASSIFICATION SCORE | CONTROL DATE TYPE | CONTROL DATE | DATE REC"D BY CDCR | DATE REC"D BY INST |
|---|---|---|---|---|---|
| IV | 248 | MEPD | | 05/23/2002 | 11/07/2011 |

| HOUSING | PARTICIPANT TYPE | MHSDS LEVEL OF CARE |
|---|---|---|
| FA7-213L | SUSPECT | EOP |

☐ N/A **DESCRIPTION OF INJURIES:**

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

SWOLLEN AREA TO RIGHT CHEEK. SWOLLEN AREA TO LEFT EAR. DRIED BLOOD ON MOUTH. PER CDCR 7219

1 INJURY LOCATION: HEAD, CAUSED BY: STAFF, TYPE OF FORCE CAUSED INJURY: PHYSICAL FORCE:

| ☐ N/A **NAME/ LOCATION OF HOSP/ TREATMENT FACILITY** | ☑ N/A DEATH | |
|---|---|---|
| ☐ REFUSED TREATMENT ☑ TREATED AND RELEASED ☐ HOSPITALIZED | CAUSE OF DEATH | DECEASED DATE |
| A FACILITY TREATMENT AND TRIAGE AREA | | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART B2 - STAFF

CDCR 837-B2 (Rev. 10/15)

PAGE 4 Of 5

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SAC | FAA - LEVEL IV 180 DESIGN | SAC-FAA-17-05-0371A1 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | GEN | ETHNICITY |
|---|---|---|---|---|---|
| ANDERSON | [redacted] | [redacted] | CORRECTIONAL LIEUTENANT | M | WHI |

| PARTICIPANT TYPE | USED FORCE | FORCE USED | PROCESSED EVIDENCE |
|---|---|---|---|
| INCIDENT COMMANDER | ☐ Yes ☑ No | | ☐ Yes ☑ No |

| RDO'S | POST # | POSITION DESCRIPTION | ID # | BADGE # |
|---|---|---|---|---|
| T/F | 285011 | HCA LIEUTENANT | [redacted] | [redacted] |

☑ N/A DESCRIPTION OF INJURIES:

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

☑ N/A NAME / LOCATION OF HOSPITAL / TREATMENT FACILITY

☐ REFUSED TREATMENT ☐ TREATED AND RELEASE ☐ HOSPITALIZED

☑ N/A DEATH

| CAUSE OF DEATH | DECEASED DATE |
|---|---|
| | |

| NAME: LAST | FIRST | MI | TITLE | GEN | ETHNICITY |
|---|---|---|---|---|---|
| NG | [redacted] | [redacted] | CORRECTIONAL SERGEANT | M | OTH |

| PARTICIPANT TYPE | USED FORCE | FORCE USED | PROCESSED EVIDENCE |
|---|---|---|---|
| CAMERA | ☐ Yes ☑ No | | ☑ Yes ☐ No |

| RDO'S | POST # | POSITION DESCRIPTION | ID # | BADGE # |
|---|---|---|---|---|
| S/SH | 385103 | HCA CHS CLINIC SGT | [redacted] | [redacted] |

☑ N/A DESCRIPTION OF INJURIES:

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

☑ N/A NAME / LOCATION OF HOSPITAL / TREATMENT FACILITY

☐ REFUSED TREATMENT ☐ TREATED AND RELEASE ☐ HOSPITALIZED

☑ N/A DEATH

| CAUSE OF DEATH | DECEASED DATE |
|---|---|
| | |

| NAME: LAST | FIRST | MI | TITLE | GEN | ETHNICITY |
|---|---|---|---|---|---|
| CHAVEZ | [redacted] | [redacted] | CORRECTIONAL OFFICER | M | HIS |

| PARTICIPANT TYPE | USED FORCE | FORCE USED | PROCESSED EVIDENCE |
|---|---|---|---|
| RESPONDER | ☐ Yes ☑ No | | ☐ Yes ☑ No |

| RDO'S | POST # | POSITION DESCRIPTION | ID # | BADGE # |
|---|---|---|---|---|
| S/SH | 285351 | HCA A4 ESCORT #6 | [redacted] | [redacted] |

☑ N/A DESCRIPTION OF INJURIES:

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

☑ N/A NAME / LOCATION OF HOSPITAL / TREATMENT FACILITY

☐ REFUSED TREATMENT ☐ TREATED AND RELEASE ☐ HOSPITALIZED

☑ N/A DEATH

| CAUSE OF DEATH | DECEASED DATE |
|---|---|
| | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART B2 - STAFF
CDCR 837-B2 (Rev. 10/15)

PAGE 5 Of 5

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SAC | FAA - LEVEL IV 180 DESIGN | SAC-FAA-17-05-0371A1 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | GEN | ETHNICITY |
|---|---|---|---|---|---|
| GARLAND | [redacted] | [redacted] | CORRECTIONAL OFFICER | M | WHI |

| PARTICIPANT TYPE | USED FORCE | FORCE USED | PROCESSED EVIDENCE |
|---|---|---|---|
| PRIMARY | ☑ Yes ☐ No | PHYSICAL FORCE | ☐ Yes ☑ No |

| RDO'S | POST # | POSITION DESCRIPTION | ID # | BADGE # |
|---|---|---|---|---|
| S/SH | 285359 | HCA A ESCORT 4 EOP | [redacted] | [redacted] |

☐ N/A **DESCRIPTION OF INJURIES:**

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

ABRASION/SCRATCH ON RIGHT KNEE

1. Injury Location: RIGHT KNEE, Caused By: INMATE

☑ N/A **NAME / LOCATION OF HOSPITAL / TREATMENT FACILITY** | ☑ N/A **DEATH**

☐ REFUSED TREATMENT ☐ TREATED AND RELEASE ☐ HOSPITALIZED | CAUSE OF DEATH | DECEASED DATE

| NAME: LAST | FIRST | MI | TITLE | GEN | ETHNICITY |
|---|---|---|---|---|---|
| MUNOZ | [redacted] | [redacted] | CORRECTIONAL OFFICER | M | HIS |

| PARTICIPANT TYPE | USED FORCE | FORCE USED | PROCESSED EVIDENCE |
|---|---|---|---|
| RESPONDER | ☐ Yes ☑ No | | ☐ Yes ☑ No |

| RDO'S | POST # | POSITION DESCRIPTION | ID # | BADGE # |
|---|---|---|---|---|
| S/M | 285358 | HCA A ESCORT 3 EOP | [redacted] | [redacted] |

☑ N/A **DESCRIPTION OF INJURIES:**

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

☑ N/A **NAME / LOCATION OF HOSPITAL / TREATMENT FACILITY** | ☑ N/A **DEATH**

☐ REFUSED TREATMENT ☐ TREATED AND RELEASE ☐ HOSPITALIZED | CAUSE OF DEATH | DECEASED DATE

| NAME: LAST | FIRST | MI | TITLE | GEN | ETHNICITY |
|---|---|---|---|---|---|
| CHO | [redacted] | [redacted] | REGISTERED NURSE | F | OA |

| PARTICIPANT TYPE | USED FORCE | FORCE USED | PROCESSED EVIDENCE |
|---|---|---|---|
| OBSERVER, MED | ☐ Yes ☑ No | | ☐ Yes ☑ No |

| RDO'S | POST # | POSITION DESCRIPTION | ID # | BADGE # |
|---|---|---|---|---|
| T/F | ATTA | ATTA RN | [redacted] | [redacted] |

☑ N/A **DESCRIPTION OF INJURIES:**

IS THERE SERIOUS BODILY INJURY ☐ Yes ☑ No

☑ N/A **NAME / LOCATION OF HOSPITAL / TREATMENT FACILITY** | ☑ N/A **DEATH**

☐ REFUSED TREATMENT ☐ TREATED AND RELEASE ☐ HOSPITALIZED | CAUSE OF DEATH | DECEASED DATE

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDCR 837-C (Rev. 10/15)

PAGE 1 Of 1

INCIDENT LOG NUMBER SAC- FAA-17-05-0371

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| NG | [redacted] | [redacted] | 5/15/2017 | 0930 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 385103 | HCA CHS CLINC SGT | 18YRS. 5MO. | 5/16/2017 | A TREATMENT CENTER |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| S/S/H | 0700-1700 | Attempted Battery on a Peace Officer Resulting in UOF (Physical) | 3005(d)(1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS | |
|---|---|---|---|---|
| ☐ Primary | T. Klein | | ALEXANDER K61435 | |
| ☐ Responder | | | | |
| ☐ Witness | | | | |
| ☒ Camera | | | | |
| ☐ Victim | | | | |
| ☐ Other: | | | | |

☒ N/A FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE

| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed |
|---|---|---|---|---|---|---|---|---|
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| ☐ X-10 BRD w/ OC | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

FORCE OBSERVED BY YOU: ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | Placed A-Facility ev#A2 ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKOWN ☐ Other: | ☐ YES ☒ NO |

NARRATIVE: On Tuesday, May 16, 2017 at approximately 0930 hours, while performing my duties as HCA CHS CLINC SGT, Sergeant T. Klein requested that I accompany him and operate the video camera during one Use of Force interview of Inmate ALEXANDER (K61435), FA7-213. This is regarding IR# SAC-FAA-17-05-0371. The interview was conducted in the A Facility PSU Watch office. At the completion of the interview, I turned in the DVD disc to be evidence locker number two.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # / ID # | DATE |
|---|---|---|---|
| [signature] | CORRECTIONAL SERGEANT | [redacted] | 5/16/2017 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | CLARIFICATION NEEDED | APPROVED | DATE |
|---|---|---|---|---|
| M. [signature] Lt. [signature] | 5/16/17 | ☐ YES ☒ NO | ☒ YES ☐ NO | 5/16/17 |

DISTRIBUTION: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDCR 837-C (Rev. 10/15)

PAGE 1 Of 1

INCIDENT LOG NUMBER: SAC-FAA-17-05-0371

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| CHAVEZ | [redacted] | [redacted] | 5/15/2017 | 1255 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 285351 | HCA A Escort 6 EOP | 20 YRS. 3 MO. | 5/15/2017 | A FAC EOP TREATMENT CENTER |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| SSH | 0700-1500 | RESISITING A P/O RESULTING IN UOF (PHYSICAL) | 3005 (d)(1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ Primary | CO D. GARLAND | S | ALEXANDER (K61435) | S |
| ☒ Responder | CO R. MUNOZ | S | | |
| ☐ Witness | | | | |
| ☐ Camera | | | | |
| ☐ Victim | | | | |
| ☐ Other: | | | | |

☒ N/A FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE

| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|---|
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| ☐ X-10 BRD w/ OC | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

FORCE OBSERVED BY YOU: ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKOWN ☐ Other: | ☐ YES ☒ NO |

NARRATIVE: On Monday, May 15, 2017 at approximately 1255, while working as Facility A, HCA Escort 6 EOP, I heard an alarm and responded to the EOP treatment center hallway. I saw Officer D. Garland stand up and back away from Inmate ALEXANDER who was in the prone position. Officer R. Munoz was applying handcuffs and the inmate was complying. Once Officer Munoz was done placing handcuffs onto ALEXANDER, he relinquished the escort to me. I assisted ALEXANDER to his feet and escorted him to the A facility pedestrian sally port. I searched holding cell number 1 with negative results for contraband and placed him into holding cell number 1. I took ALEXANDER to the TTA for a CDCR-7219 medical evaluation, once complete I returned ALEXANDER to holding cell number 1. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # / ID # | DATE |
|---|---|---|---|
| [signature] | CORRECTIONAL OFFICER | [redacted] | 5/15/2017 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | CLARIFICATION NEEDED | APPROVED | DATE |
|---|---|---|---|---|
| C. MCCARVEL [signature] | 5/15/2017 | ☐ YES ☒ NO | ☒ YES ☐ NO | 5/15/2017 |

DISTRIBUTION: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 10/15)

PAGE 1 Of 1

INCIDENT LOG NUMBER: SAC-FAA-17-05-0371

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| GARLAND | [redacted] | [redacted] | 5/15/2017 | 1255 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 285359 | HCA A Escort 4 EOP | 14 YRS. 8 MO. | 5/15/2017 | A FAC EOP TREATMENT CENTER |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| SSH | 0700-1500 | RESISTING A P/O RESULTING IN UOF (PHYSICAL) | 3005 (d)(1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ Primary | CO R. MUNOZ | S | ALEXANDER (K61435) | S |
| ☐ Responder | | | | |
| ☐ Witness | | | | |
| ☐ Camera | | | | |
| ☐ Victim | | | | |
| ☐ Other: | | | | |

FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE

| ☐ N/A | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|---|
| ☒ Physical: | ☐ Mini 14 | | | ☐ 37 mm | | ☐ OC | | |
| ☐ Hand-Held Baton | ☐ .38 Cal | | | ☐ 40 mm | | ☐ CN | | |
| ☐ X-10 BRD w/o OC | ☐ .40 Cal | | | ☐ L8 | | ☐ CS | | |
| | ☐ 9 mm | | | ☐ 40 mm Multi | | | | |
| ☐ X-10 BRD w/ OC | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

FORCE OBSERVED BY YOU: ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKOWN ☐ Other: | ☐ YES ☒ NO |

NARRATIVE: On Monday May 15, 2017 at approximately 1255, while working as Facility A, HCA A Escort 4 EOP, while escorting Inmate ALEXANDER (K61435, A7-213), back to Facility A 7 block, ALEXANDER was walking down the hallway out of the treatment center and stated, "You don't have to grab me." I responded "What did you say?" at which time ALEXANDER immediately stopped and turned towards me taking a bladed stance stating, "Don't fucking grab me." At which time not knowing ALEXANDER's intentions and to overcome the imminent threat, I put both hand up into ALEXANDER's left shoulder area, pushing him into the wall. ALEXANDER struggled against the wall trying to push back towards me. I maintained my grip on ALEXANDER's shoulder area with my right hand, stepping to my right and placing my left hand onto ALEXANDER's upper back area, I overcame his resistance by pulling him down to the ground causing ALEXANDER to land face first onto the ground into a prone position. At which time ALEXANDER stopped resisting and I placed his hands behind his back maintaining control of both hands with both of my hands. Officer R. Munoz responded and placed handcuffs onto ALEXANDER's wrists. I stepped away from the incident concluding my involvement.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # / ID # | DATE |
|---|---|---|---|
| [signature] | CORRECTIONAL OFFICER | [redacted] | 5/15/2017 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | CLARIFICATION NEEDED | APPROVED | DATE |
|---|---|---|---|---|
| C. MCCARVEL [signature] | 5/15/2017 | ☐ YES ☒ NO | ☒ YES ☐ NO | 5/15/2017 |

DISTRIBUTION: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDCR 837-C (Rev. 10/15)

PAGE 1 Of 1

INCIDENT LOG NUMBER SAC-FAA-17-05-0371

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| MUÑOZ | [redacted] | [redacted] | 5/15/2017 | 1255 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 285358 | HCA A ESCORT # 3 EOP | 10YRS. 10MO. | 5/15/2017 | EOP TREATMENT CENTER |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| SU/M | 0700-1500 | RESISTING A P/O RESULTING IN UOF (PHYSICAL) | 3005 (d) (1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ Primary | C/O D. GARLAND | | ALEXANDER (K-61435) (S) | |
| ☒ Responder | C/O C. CHAVEZ | | | |
| ☐ Witness | | | | |
| ☐ Camera | | | | |
| ☐ Victim | | | | |
| ☐ Other: | | | | |

☒ N/A FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE

| | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical Agent: | Projector: | #Deployed: |
|---|---|---|---|---|---|---|---|---|
| ☐ Physical: | | | | | | | | |
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| ☐ X-10 BRD w/ OC | ☐ Shotgun | | | ☐ HFWRS | | | | |

☐ Non-Conventional or Force Not Listed Above:

FORCE OBSERVED BY YOU: ☒ N/A ☐ Physical ☐ Hand-Held Baton ☐ Chemical Agent ☐ X-10 ☐ Less Lethal ☐ Lethal ☐ Non-Conventional

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☒ BODILY ☐ N/A ☐ UNKOWN ☐ Other: | ☐ YES ☒ NO |

NARRATIVE: On May 15, 2017, at approximately 1255 hours, while performing my duties as HCA A Escort # 3 EOP escort Officer, I heard a commotion coming from the EOP treatment center hallway. I responded from the treatment center to the hallway when I saw Officer D. Garland kneeling next to inmate ALEXANDER (K-61435), housed in A7-213, who was on the ground in a prone position, at this time I activated my personal alarm. Officer Garland was holding both of ALEXANDER's hands behind his back, I placed inmate ALEXANDER in handcuffs. I relinquished custody to Officer C. Chavez, Officer Chavez escorted inmate ALEXANDER out of the treatment center. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # / ID # | DATE |
|---|---|---|---|
| [signature] | CORRECTIONAL OFFICER | [redacted] | 5/15/2017 |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) | DATE RECEIVED | CLARIFICATION NEEDED | APPROVED | DATE |
|---|---|---|---|---|
| C. Chavez [signature] | 5/15/17 | ☐ YES ☒ NO | ☒ YES ☐ NO | 5/15/17 |

DISTRIBUTION: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

# EXHIBIT COVER PAGE

Number of pages to this Exhibit: ________ pages

Description of this Exhibit:

EXHIBIT D

EXHIBIT



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California State Prison, Sacramento | Facility: SAC-Facility A | Log Number: 000000002770936 |
| Inmate Name: ALEXANDER, LARRY D. | CDC #: K61435 | Bed Number: SAC-A - A 007 2 - 013001L |
| TABE Score: 00.0 | Mental Health LOC: EOP | DDP Designation: NCF |

## DUE PROCESS

Rule Violation #: 3005(d)(1)

Specific Act: Willfully resisting a Peace Officer in the performance of duty

Level: Serious

Offense Division: Division D

Offense Occurrence: 1st Occurrence

Violation Date: 05/15/2017

Violation Time: 12:56:00

Hearing Date: 06/22/2017

Hearing Time: 13:00:01

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

Actions Taken

| Date | Time | Type/Reason | Staff | Elapsed Days |
|---|---|---|---|---|
| 05/17/2017 | 07:44:19 | RVR Ready for Review by Supv. | B. Strohmaier | 2 |
| 05/17/2017 | 07:46:35 | RVR Approved by Supervisor | C. Mccarvel | 2 |
| 05/17/2017 | 08:36:00 | RVR Classified | S. Pulley | 2 |
| 05/17/2017 | 11:59:56 | Notice of Pending Charges Sent to Rcds. | K. Walker | 2 |
| 05/17/2017 | 12:00:03 | MH Assessment Requested | K. Walker | 2 |
| 05/18/2017 | 08:03:23 | Inmate Copy Served<br>Initial Rules Violation Report | J. Stigelmayer | 3 |
| 05/21/2017 | 09:01:04 | SA Assigned | Z. Robberecht | 6 |
| 06/02/2017 | 08:17:29 | MH Assessment Received | C. Campbell | 18 |
| 06/06/2017 | 08:16:52 | SA Assigned | C. Campbell | 22 |
| 06/06/2017 | 08:17:10 | IE Assigned | C. Campbell | 22 |
| | | | | |

| | | | | |
|---|---|---|---|---|
| 06/06/2017 | 08:17:46 | Inmate Copy Served<br>MH Assessment Report | C. Campbell | 22 |
| 06/06/2017 | 08:23:02 | Inmate Copy Served<br>Incident Report | C. Campbell | 22 |
| 06/13/2017 | 08:26:57 | IE Report Prepared | C. Campbell | 29 |
| 06/13/2017 | 08:30:03 | IE Report Ready for Review | C. Campbell | 29 |
| 06/13/2017 | 09:04:05 | IE Report Approved By Supervisor | G. Salcedo | 29 |
| 06/13/2017 | 09:05:35 | Inmate Copy Served<br>Investigative Report | C. Campbell | 29 |

All Time Constraints Met?: No SHO/HO DDP Certified?: N/A

**Due Process Additional Information:**

Thursday, June 22, 2017 at approximately 1245 hours, Inmate ALEXANDER (K-61435, FDB2-239L) appeared before me, in person, for the adjudication of this Rules Violation Report (RVR). I introduced myself as the Senior Hearing Official (SHO) for this disciplinary hearing and explained the hearing rules and procedures. BOYD stated that he was in good health and ready to proceed with the hearing.
ALEXANDER acknowledged receiving a copy of all non-confidential reports considered as evidence in this case prior to this hearing as required per CCR 3320 (c) (2)
In reviewing the time constraints of the RVR it appeared that the RVR was not heard within the required time limitation per CCR 3320. Specifically, on May 18, 2017 you were issued your initial copy of the RVR which required the hearing to be held no later than June 17, 2017. The RVR was misplaced therefore there are due processes violations that would preclude the forfeiture of credits only.

## HEARING

○ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
◉ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

All reports were reviewed with ALEXANDER in the hearing. ALEXANDER is charged with Harassment of another person, a Division F Offence. ALEXANDER was advised that the charged offense is a violation of CCR ¿3005 Conduct subparagraph (a). 3005 (a) states, "Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person." ALEXANDER acknowledged understanding the charge and the evidence being presented."

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive
☐ Other ☑ None

Requires Accommodation? No

**DDP Specific Information**

128-C2 Reviewed? No

DDP Designation Date: 10/05/2011

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|

| Victimization | Contribute | How |
|---|---|---|
| | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: Yes

Reason for Mental Health Assessment Request: MH LOC EOP or higher

Clinician Recommended Staff Assistance Assignment: Yes

Clinician determined Mental Health Symptoms/Developmental Disability strongly influenced behavior: No

**Clinician Rational:**

Inmate is enrolled in the EOP level of mental health care. This level of care requires the presence of a staff assistant during the hearing

Clinician Staff recommended alternate manner of documentation: No

**Clinician Rational:**

Clinician determined Mental Health Symptoms/Developmental Disability contributed to behavior: Yes

**Clinician Rational:**

Yes. At the time of the event, the IP was under stress. His mental health issues may cause him to react rapidly to a perceived threat. At the time of this event, the IP's judgement was affected by stress and mental health issues. However, he was not psychotic, and he was capable of understanding rules and regulations of the institution.

NO: IP is NCF. There is no indication found in brief review of records that this IP has any cognitive issues or adaptive functioning issues. DDP determination date is 10.5.11 per SOMS. IP's TABE score is 00.0 per SOMS

Clinician provided information when assessing the penalties: Yes

**Clinician Rational:**

Yes. This IP gains a great deal of psychological stability from access to approved peer contact (such as yard and group) when appropriate. Without the ability to socialize, he could decompensate.

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: MH LOC EOP or higher;MH LOC EOP or higher

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? |
|---|---|---|---|---|
| D. Avalos | 06/06/2017 | Yes | Yes | Yes |

**Staff Assistant Additional Information:**

Correctional Officer D. Avalos, was assigned as the SA, and confirmed that the hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality had been explained to inmate ALEXANDER. Officer Avalos remained at the hearing to assist ALEXANDER, speaking slowly using simple English and reviewed the disciplinary process with ALEXANDER in the presence of the SHO. The SHO then read each report to ALEXANDER and explained his appeal rights. ALEXANDER acknowledged to the SHO that he understood all evidence to be used and understood these proceedings. ALEXANDER can speak English. The SHO confirmed with ALEXANDER that he understood and was prepared to begin the hearing.

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: Yes

Reason for assignment of Investigative Employee: Housing Status

**Investigative Employee Additional Information:**

The SHO determined that ALEXANDER does meet the criteria for assignment of an I.E. pursuant to CCR, Section 3315(d) (1). ALEXANDER's housing did preclude his ability to collect his own evidence to present at the hearing. On June 9, 2017, Correctional Officer C. Campbell was assigned as the IE and completed an investigation. ALEXANDER received a copy of the IE report on June 13, 2017, however objected to the statement made by inmate BARNETT and stated this was a fabrication.

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s).<br>☐ Information which, if known to inmates, would jeopardize the security of the institution.<br>☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate.<br>☐ Information provided and classified confidential by another governmental agency.<br>☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true.<br>☐ Other confidential sources have independently provided the same information.<br>☐ The information provided by the confidential source is self-incriminating.<br>☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources.<br>☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee ☐ Staff Assistant ☐ Investigative Employee

☐ Other ☑ Inmate ☐ None

| Non-Inmate Witness(es) | | | |
|---|---|---|---|
| **Name** | **Rank** | **Type** | **Granted?** |
| | | | |

**Questions Asked**

| Inmate Witness(es) | | | |
|---|---|---|---|
| **CDC#** | **Name** | **Bed** | **Granted?** |
| V21672 | BARNETT, TRAVIS L. | SAC-A - A 006 1 - 028001L | Yes |

**Questions Asked**

Inmate Barnett was contact via telephone and asked the following questions:
Question #1: In the IE report you stated you did not see inmate ALEXANDER resisting. You further stated the Officer had escorted him back into the rotunda and then you heard the alarm so you got down and could not see ALEXANDER. Is this statement true?
Answer: Yes.
Question #2: Did you type an affidavit stating that you observed the incident between staff and inmate ALEXANDER?
Answer: NO. I dont own a typewritter an I cant spell.
Question #3: Did someone else type the affidavid stating you saw the incident between staff and ALEXANDER and after reading it to you, did you sign it?
Answer: I did not sign anything.

**Witness Additional Information:**

During the phone interview with inmate BARNETT he stated that inmate ALEXANDER and the Officer were having an arguement about his baseball cap. He remembers ALEXANDER making a statement about being targeted and or harrassed. Another Officer (Garland) told ALEXANDER to return to his cell an then escorted him back into the rotunda where the camera's are. I dont know what happened then. I did not see anything else cause I was not in the rotunda.

No additional questions were asked of inmate BARNETT.

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty

- ( ) Subject declined to make a statement
- (•) Subject made a statement

**Comments:**

I never resisted.
Someone must have gotten to inmate BARNETT because he signed this affidavit saying he saw the whole thing. I typed it up exactly like he said it and then he signed it. He stated during the interview that there is a camera in the rotunda. You should be able to view the camera and see that I did not resist.

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level: Offense Division:

Offense Occurrence:

**Comments:**

Based on the information available to the SHO at the time of the hearing ALEXANDER does not have a significant disciplinary history for violations of CCR Section 33005 (d) as such disciplinary penalties were assessed consistent with the first offense. Recommendations made by the clinician in the mental health assessment were considered when assessing the penalties wherein the clinician states: This IP gains a great deal of psychological stability from access to approved peer contact (such as yard and group) when appropriate. Without the ability to socialize, he could decompensate. The SHO took Mental Health Assessment into consideration and elected to mitigate the yard access to the minimum of 30 days. The loss of yard does not include access to yard groups. The SHO also elected not to assess a loss of day room activities or phone access to allow the suspect to continue to have access to peer contact and ability to socialize.

## EVIDENCE

The following evidence was used to support the findings:

**Comments:**

The finding was based on the clinician's recommendation in the 115-MH-A which stated inmate ALEXANDER's mental health or developmental disabilities did not contribute to the behavior. The finding was also based on the RVR by Correctional Officer D. Condon which stated in part, "On Friday, May 26, 2017, at approximately 0830 hours, I responded to the control booth windows that overlook the main exercise yard and observed inmates JACKSON (T-81477) and ALEXANDER (K-61435), engaged in a fight on the basketball court near the light pole. I shouted the command "get down", with negative results. I could hear responding A Yard Officers ordering the inmates to stop fighting and get down, which also had negative results."

Statements made by inmate BARNETT during the hearing in where he stated he did not see anything after they entered the rotunda and that he never signed an affidavit.

The submitted copy of the affidit typed by ALEXANDER stating Inmate BARNETT saw the incident and claim the

staff "roughed up" ALEXANDER. During the interview with inmate BARNETT he stated he never saw anything and did not sign the affidavit as claimed by ALEXANDER.

Investigative Employee report which corroborates the statements made by inmate BARNETT that Inmate ALEXANDER and the Officers were having a conflict regarding his baseball cap and that they escorted him back into the rotunda where he was not able to see anything else.

**DISPOSITION**

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 30 Days | Yes | ☐ | ☐ | ☐ | ☑ | 06/22/2017 | 07/22/2017 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact | | | ☐ | ☐ | ☐ | ☐ | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Visiting Privileges | | | | | | | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions ☐ Reinstate Suspended Sanctions

**Comments:**

Referred to Classification Committee N/A

For ☐ SHU Term Assessment ☐ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

(•) Not Applicable

( ) Subject states he/she does not have Enemy or Safety Concerns.

( ) One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

( ) Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

**Additional Information:**

## CREDIT RESTORATION

☐ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☐ Subject was advised he/she would not be able to file for restoration of credits under CCR 3327(a)(4).

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

W. Reaume

TITLE: Lieutenant

DATE: 07/04/2017

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:

Offense Division:

Offense Occurrence:

CDO Summary: Affirming The Hearing Results

**Comments:**

Due to staff error time was lost

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 30 Days | Yes | ☐ | ☐ | ☐ | ☑ | 06/22/2017 | 07/22/2017 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions ☐ Reinstate Suspended Sanctions

**Comments:**

**Chief Disciplinary Officer**

**Comments:**

C. Wood

TITLE: Associate Warden

DATE: 07/18/2017

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

EXHIBIT E

Affidavid

On May15,2017 plaintiff Alexander was getting escorted to therapy group, along with other inmates.While getting escorted. I notice inmate Alexander having a conversation with C/O Sanchez. About why does he have to take off his baseball hat, while getting escorted in the hallway? C/O Sanchez stated that everyone has to take their cap off, while walking in the hallway. Plaintiff then told C/O Sanchez that he felt like he was being targeted, based on write ups on certain officers. As plaintiff took his hat off. C/O Garland told plaintiff Alexander to take it back to his cell. While Alexander was respectively going back to his cell. C/O Garland grabed plaintiff Alexander hand very roughly, as plaintiff Alexander was getting escorted out the therapy center. C/O Garland then used excessive force and through plaintiff Alexander to the ground. C/O Garland and other officers, including C/O Sanchez began to rough plainfiff Alexander up, while he was on the ground. As the video will show, if their is no foul play, The video in the hall way will show plaintiff never tried to resist. This is a true state ment.

DATE: 5-16-2017

SIGNATURE: BARNETT

V-21672

# EXHIBIT COVER PAGE

Number of pages to this Exhibit: ________ pages

Description of this Exhibit:

EXHIBIT F

EXHIBIT

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

IAB USE ONLY

1712976
K61435

Institution/Parole Region: LAC-D SAC-A
Log #: 17-04113 17-03307
Category: 1
FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.** **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Alexander, Larry | K-61435 | D4 Cell230 | A1A |

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**
Appealling (Willingfully Resisting Arrest)

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):** On 6/22/17 I had my hearing on resisting a police officer. Yet all the evidence was not given to LT. W. Reaume, Also I would like as I go through

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):** To have another hearing, due to my due process was violated.

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason :

**Inmate/Parolee Signature:** Larry Alexander **Date Submitted:** 8/9/17

☐ **By placing my initials in this box, I waive my right to receive an interview.**

AUG 11 2017
RECEIVED CSP-SAC APPEALS 2017 AUG 28 AM 10:45
STAFF USE ONLY
REC BY OOA NOV 13 2017
C-11 AK8 SAC 01 DELAD REISSUE/RE

**C. First Level - Staff Use Only** **Staff – Check One: Is CDCR 602-A Attached?** ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: AUG 21 2017 Date: Date: Date:
☐ Cancelled (See attached letter) Date:
☐ Accepted at the First Level of Review.
Assigned to: Title: Date Assigned: Date Due:

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: Interview Location:
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.

BYPASS

Interviewer: (Print Name) Title: Signature: Date completed:
Reviewer: (Print Name) Title: Signature:
Date received by AC:

AC Use Only
Date mailed/delivered to appellant ___/___/___

Case 2:18-cv-00195-KJM-KJN Document 1 Filed 01/29/18 Page 45 of 52

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: Date Submitted:

E. Second Level - Staff Use Only

Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No

This appeal has been:

NOV 2 1 2017

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: J McGuire Title: Lt Date Assigned: 9/5/17 Date Due: 10/10/17

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 9/9/17 Interview Location: VIA telephone

Your appeal issue is: ☐ Granted ☒ Granted in Part ☐ Denied ☐ Other: ______

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: J McGuire Title: Lt Signature: [signature] Date completed: 9/18/17

Reviewer: D Baughman Title: Warden Signature: [signature]

Date received by AC: 10/9/17

AC Use Only
Date mailed/delivered to appellant 10 / 9 / 17

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I am dissatisfied based on charging plaintiff Alexander with 3005(a) is hypocritical. Conduct 3005(a) states obeying laws, regulations and procedures, which plaintiff Alexander never violated. Lt. Garland with his own words said I took bladed stance, when I said "do not grab me." To show violence, one must make a threat or be in a physical stance to hurt someone. There was never any disorder because after talking to Sgt Sanchez about the hat, I was already going back to my cell. ~~[illegible]~~

Inmate/Parolee Signature: [signature] Date Submitted: 11-1-17

G. Third Level - Staff Use Only c/o sign 11/6/17

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter) Date: DEC 27 2017
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ______

NOV 1 1 2017

See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant __/__/__

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: Date:

Print Staff Name: Title: Signature: Date:

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

Side 1

IAB USE ONLY

| Institution/Parole Region: | Log #: | Category |
|---|---|---|
| VAC-D | 17-04113 | 1 |
| SAC - A | 17-03307 | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
**Appeal is subject to rejection if one row of text per line is exceeded.** **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Alexander, Larry | K-61435 | D4 Cell 230 | A1A |

**A. Continuation of CDCR 602, Section A only (Explain your issue) :** the appeal process, To really consider on my 602 issue, with D. Garland was partially granted, To at least look more into this appeall before finding me guilty. Also LT. W Reaume did not receive the video tape of the incident, Which is where the whole incident took place at. Folsom is trying to hide that part of the evidence. Which will show my innocence. This totally violated my due process. I also would like the video tape ~~that~~ shows my injuries that was caused by D. Garland. 3084. Right To Appeal (a) 3004. Rights and Respect of others (a) (b) (c) Also even Inmate Barnett stated on questionaires That they are cameras in the area of the incident.

AUG 11 2017

RECEIVED
CSP-SAC APPEALS

2017 AUG 28 AM 10:54

STAFF USE ONLY

REC BY OOA
NOV 13 2017

**Inmate/Parolee Signature:** Larry Alexander **Date Submitted:** 8/9/17

BYPASS

**B. Continuation of CDCR 602, Section B only (Action requested):**

**Inmate/Parolee Signature:** ______ **Date Submitted:** ______

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):**

BYPASS

**Inmate/Parolee Signature:** **Date Submitted:**

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** when the other officer told plaintiff Alexander that he had to take his baseball off, which he complied. D. Garland took it a step further by putting his hands on Plaintiff Alexander. Which he has a history of doing. I believe the higher ups saw the video tape. Knew plaintiff was accurate with his statement. Then decided to lie and hide evidence. Then say a mistake was made. Then charge me with a bogus charge like 3005, Conduct(A) so I can get find guilty on something. I ask that old bogus charge be dismissed. To have ~~Sacramento~~ Folsom State Prison be forced to produce the tape of the incident that happen on May 15, 2017. To prove plaintiff innocent. Yet know they are charging me with the orginal US ~~Resisting~~ Willfully Resisting A Police officer. Should have no merit if half of my due process is violated. Based on Folsom do not have the tape in the hallway. Then it must be on record to be investigated. Are there any cameras in the hallway where the incident took place. And If so you guys need to force them to hand the video tape over.

**Inmate/Parolee Signature:** [signature] **Date Submitted:** 10-6-17

# EXHIBIT COVER PAGE

Number of pages to this Exhibit: ________ pages

Description of this Exhibit:

EXHIBIT G

EXHIBIT

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

---

RE: Screening at the FIRST Level

# CSP-SAC

*Monday, August 21, 2017*

*ALEXANDER, K61435*
*D 004 2230001U*

DISCIPLINARY, Division E, 08/11/2017
Log Number: LAC-D-17-04113
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

***Be advised that your appeal has been forwarded to another CDCR unit for processing.***

***THE RVR YOU ARE APPEALING IS FROM CSP-SAC, THEREFORE THIS APPEAL IS BEING FORWARDED TO CSP-SAC FOR THEIR REVIEW.***

☐ K. Estrada, AGPA
☐ G. Stratman, Office Tech
☐ M. Fordham, CCII AC
☐ J. Curiel, CCII AC
Appeals Coordinator
LAC

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

---

---

---

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

EXHIBIT H

**RE** California State Prison-Sacramento (CSP-SAC)
Second Level Reviewer Response
Appeal Log #: SAC-A-17-03307
Date: September 9, 2017

Inmate: Alexander (K-61435)

**APPEAL ISSUE**

Disciplinary

**APPEAL DECISION**

Partially Granted

**APPEAL RESPONSE**

Warden David Baughman is the reviewer of this appeal at the Second Level of Review (SLR). Correctional Lieutenant J. McGuire was designated by Warden Baughman to conduct an inquiry into this appeal on his behalf, which included performing any necessary interviews and gathering the facts of this case. All submitted documentation and supporting arguments have been considered, including the interview conducted at the Second Level of Review (SLR). Additionally, a thorough inquiry was conducted regarding the claim presented by the appellant and evaluated in accordance with CSP-SAC Operational Procedures (OP), the Department Operations Manual (DOM), and the California Code of Regulations (CCR), Title 15.

**SUMMARY OF APPEAL**

The appellant alleges on June 22, 2017, he was found guilty of a Rules Violation Report (RVR) Log #2770936 for the specific act of "Willfully resisting a Peace Officer in the performance of duty," by Senior Hearing Officer (SHO) Lieutenant W. Reaume. The appellant contends his due process rights were violated and the SHO was not provided with a videotape of the incident which would prove his innocence.

The appellant requests another hearing and to have the videotape of the incident

**SUMMARY OF INQUIRY**

The Department's rules regarding this issue are contained in the following CCR Sections:

- **CCR. 3015. Serious Rules Violation Reports.**
- **CCR. 3084.1. Right to Appeal.**
- **CCR. 3312. Disciplinary Methods.**
- **CCR. 3315. Serious Rule Violations.**
- **CCR. 3326. Records of Disciplinary Matter.**

A review of the Test of Adult Basic Education (TABE) list reveals the appellant has a TABE score of 0.0. His Developmental Disability Program code is Normal Cognitive Functions indicating the appellant does not require adaptive support services. The appellant's Disability Placement Program code is Non-Applicable. Lieutenant McGuire noted the appellant spoke English and was able to answer questions related to this appeal where he did not appear to have any difficulty communicating or to display any misunderstanding of the appeal issues.

The appellant was interviewed via telephone at California State Prison-Los Angeles County (CSP-LAC) on September 9, 2017, by Lieutenant McGuire. Effective communication was achieved by speaking slowly; using simple words and terms, and the appellant displayed understanding of the issues related to this appeal by discussing the merits of his appeal, using his own words to relate those issues submitted on the California Department of Corrections and Rehabilitation (CDCR) Form 602, Inmate/Parolee Appeals Form.

California State Prison-Sacramento (CSP-SAC)
Second Level Reviewer Response
Appeal Log #SAC-A-17-[illegible]
Inmate: Alexander (K-61435)
Date: September 9, 2017

A review of the Strategic Offender Management System (SOMS) confirms the appellant was housed at CSP-SAC on May 15, 2017, the date of the incident. A review of SOMS and the Electronic Records Management System provided all documentation associated with RVR #2770936 for CCR 3005(d)(1) "Willfully resisting a Peace Officer in the performance of duty." Lieutenant McGuire conducted a thorough inquiry into the appellant's claims by systematically reviewing every facet of RVR #2770936, classified as a Serious Rule Violation Report. The rules violation occurred on May 15, 2017. Correctional Counselor II S. Pulley classified the RVR on May 17, 2017. The appellant received initial copies of the RVR on May 18, 2017, within the 15-day period allowed for issuance. The appellant was assigned a Staff Assistant (SA) per 3315(d)(2). The appellant was assigned an Investigative Employee (IE) pursuant to CCR 3315(d)(1)(A)2, as the appellant's housing status made it unlikely he could collect and present evidence for an adequate presentation of defense. A RVR Mental Health Assessment (MHA) form was completed as the appellant is a participant in the Mental Health Services Delivery (MHSDS) at the Enhanced Outpatient level of care. The hearing was conducted June 22, 2017, by SHO Lieutenant W. Reaume, beyond the 30-day period.

Lieutenant McGuire finds the SHO, Lieutenant Reaume conducted the hearing on June 22, 2017, beyond the 30-day period, and not in accordance with departmental policy which is a violation of the appellant's due process rights. The appellant was assessed zero days loss of credit forfeiture, an appropriate disposition for a due process violation.

Lieutenant McGuire finds the SHO did not appropriately document the appellant's charge of "Willfully resisting a Peace Officer in the performance of duty." The SHO documented and informed the appellant he was being charged with CCR 3005(a) "Harassment of another person," a Division F offense.

Lieutenant McGuire finds the SHO did not appropriately document the evidence within the body of the adjudicated RVR. Lieutenant McGuire finds the evidence to substantiate the charge by the SHO was from an unrelated RVR the appellant received on May 26, 2017. The SHO indicates the finding was based on the RVR authored by Officer D. Condon however; Officer Condon did not author the RVR for "Willfully resisting a Peace Officer in the performance of duty."

Based on the information presented at the hearing and totality of the information presented to Lieutenant McGuire the appellant's request to have the RVR ordered re-issued and re-heard is granted, in that, a modification order will be generated instructing the Chief Disciplinary Officer to reissue and rehear RVR #2770936.

The appellant's request to have the videotape of the incident available during the hearing is denied. Lieutenant McGuire finds no videotape footage was processed into evidence for this incident therefore it is not available to be used as evidence during the RVR hearing.

**APPEAL DECISION**

For the reasons cited above, this appeal is **PARTIALLY GRANTED.**

DAVID BAUGHMAN
Warden

DB: jm/mh

cc: Inmate Appeals Unit
Central File